IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROGER KEITH                                                                      PETITIONER

v.                                                     CIVIL ACTION No.:  3:23-mc-5-JMV

SOCIAL SECURITY ADMINISTRATION
OFFICE OF INSPECTOR GENERAL                                      RESPONDENT

<u>ORDER</u>

  This matter is before the court on Petitioner's Renewed Motion to Quash and Objection

to Subpoena of Financial Records [7]. The response has been filed, and the matter is ripe for

decision. For the reasons discussed below the motion is denied.

  Roger Keith was apparently a Social Security recipient from 1990 until December 2019.

*See* [8] at 2. On or about November 8, 2019, Social Security Administration, Office of Inspector

General (SSA-OIG) reports to have received an allegation from the SSA, concerning petitioner's

alleged fraudulent or otherwise improper receipt and/or use of Social Security benefits.

Specifically, it was alleged that Mr. Keith performed substantial gainful work activity and that he

concealed his work activity from the SSA by using Rhonda Keith's[1] name and Social Security

number for wage and/or earnings purposes. See [9-1] at ¶ 11.

  Specifically, SSA-OIG is investigating allegations that Petitioner concealed information

in an effort to fraudulently or otherwise improperly receive and/or use Social Security Insurance

benefits in violation of 42 U.S.C. § 408. If true, these allegations could indicate criminal

---

[1] Rhonda Keith, purportedly Petitioner's wife, has a separate case based on the same matter under case number 3:23-mc-6-JMV.

violations of Title 18 U.S.C. § 641; Title 18 U.S.C. § 1001; and Title 42 U.S.C. § 408(a)(5). See [9-1] at ¶ 16. The SSA-OIG reviewed the allegation and determined that there was a need to investigate, and on March 2, 2020, opened an official investigation into the matter regarding these potential violations of law. [9-1] at ¶ 12.

The SSA-OIG is responsible for safeguarding the integrity of the SSA's programs and the Social Security Trust Funds, and it has a Congressional mandate to conduct investigations relating to the programs and operations of the SSA to detect and prevent fraud, waste, and abuse in SSA programs and operations.

In keeping with that mandate, on February 16, 2023, Respondent asserts it issued an administrative subpoena *duces tecum* to First Choice Bank, Pontotoc, Mississippi, pursuant to the authority contained in section 6(a)(4) of the Inspector General Act of 1978, 5 U.S.C. § 406 ("IG Act"), and in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. § § 3401-3423 ("RFPA"). On March 22, 2023, Petitioner, along with counsel, was served via United Parcel Service ("UPS") a copy of the subpoena, along with the customer notice and challenge forms and instructions required by section 3405 of the RFPA. [9-1] at ¶ 8, *see also* [9-5, 9-6, 9-7]. On April 13, 2023, Petitioner filed the instant motion.

The subpoena issued to First Choice Bank requests records related to a specific joint account used by Petitioner to receive the benefit deposits issued by the SSA for him. These records, for the period from January 1, 2002, until February 9, 2023, were sought to prove the wrongful receipt of the payments and to determine what was done with the Social Security benefits, if any, that Roger Keith was not entitled to receive. *See* [9-1]. SSA-OIG asserts it cannot complete this investigation without an opportunity to review the subpoenaed records. [9-1] at ¶ 15.

Government access to financial records concerning individuals is controlled by the RFPA, which allows a customer to challenge only: (1) the relevancy of the records requested; (2) the legitimacy of the law enforcement inquiry; and (3) compliance with FPA provisions. 12 U.S.C. § 3410(a), (c). An important feature of the RFPA is the narrow scope of the entitlement it creates. *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984). When reviewing an administrative subpoena, a district court plays a "strictly limited" role. *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 790 (5th Cir. 1993) (citing *Sandsend Fin. Consultants v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 879 (5th Cir. 1989)); *United States v. Comley*, 890 F.2d 539, 541 (1st Cir. 1989).

If a court finds that the records sought are relevant to a legitimate law enforcement inquiry, it shall deny the challenge and order the subpoena be enforced. 12 U.S.C. § 3410(c). In the instant case, the government contends that in accordance with section 3410(c) of the RFPA, Special Agent Piburn's declaration [9-1] demonstrates that SSA-OIG's investigation is a legitimate law enforcement inquiry. Specifically, SSA-OIG issued the subpoena to secure information relevant to that inquiry. [9-1] at ¶¶ 3-4, 8, 11-17. And, that SSA-OIG complied with the RFPA's customer notification procedures. [9-1] at ¶¶ 8, 10, 17.

Congress intended that the courts accept the Inspector General's determination of what information is needed, so long as the information is relevant to an OIG function. *United States v. Westinghouse Elec. Corp.*, 788 F.2d 164, 171 (3d Cir. 1986); *Inspector Gen. of U.S. Dep't of Agric. v. Griffin*, 972 F. Supp. 676, 679 (M.D. Ga. May 22, 1997), *aff'd* 122 F.3d 1007 (11th Cir. 1997). SSA- OIG is required to investigate alleged violations of law in accordance with its statutory authority to investigate allegations of fraud and abuse relating to programs and operations of SSA. *Id.;* 5 U.S.C. § 406(a)(4).

Petitioner makes several arguments in opposition to the subpoena. First, he asserts that financial records sought by the SSA-OIG are not relevant to the law enforcement inquiry stated in the Customer Notice because the subpoena seeks records beyond what Petitioner alleges is the applicable 5-year statute of limitations pursuant to 18 U.S.C. § 3282 (a). According to his motion to quash:

> Today is April 13, 2023.  Five years prior to this date would be April 13, 2018. Thus, it would be impossible for the Government to prosecute the Petitioner for any offense that occurred prior to April 13, 2018.  Nevertheless, the OIG seeks records dating back to 2002.

I am not persuaded by this argument. For starters, the statute of limitations, be it five years or otherwise, may or may not apply here since the continuing offense doctrine,[2] if determined ultimately to be applicable – not an issue ripe for determination here – would serve to toll any statute of limitations. And, as the respondent argues, the scope of the court's reviewing authority with respect to the relevance of records requested by SSA-OIG is narrowly defined. *See Ling v. United States Dep't of Justice*, 507 F. Supp. 1, 2 (S.D. Fla. Dec. 13, 1979) ("It is not within the power of the Court to scrutinize the alleged equities of the Movant's claim at this investigative stage. At this point, the Court is limited in its inquiry to whether or not there is a reasonable and legitimate belief that the records sought are relevant to the . . .inquiry."); *see also Martin v. Gard*, 811 F. Supp. 616, 620 (D. Kan. Jan. 26, 1993). Indeed, the Inspector General's own determination of the scope of investigative authority is entitled to great weight by the courts. *See Westinghouse Elec.*, 788 F.2d at 171; *see also Oklahoma Press Publ'g v. Walling*, 327 U.S. 186, 214 (1946) (explaining agencies generally are granted broad deference in determining the

---

[2] This doctrine dictates that "concealment and failure to disclose events that would cause the defendant to become ineligible" for Social Security Benefits would be a "continuing offense." *See, e.g., United States v. Lundahl*, No. 5:19-CR-50156-KES, 2020 U.S. Dist. LEXIS 83901, at *8 (D.S.D. Apr. 15, 2020). Thus, the limitations period for any such violation would not begin to accrue until the offense expires. *See id.*, at *4.

scope of their investigative authority). And, a subpoena for financial records that may simply lead to other evidence that will establish violations of law will be enforced under the RFPA. *Pennington v. Donovan,* 574 F. Supp. 708, 710 (S.D. Tex. Apr. 18, 1983). An administrative subpoena will be enforced if the material subpoenaed "touches a matter under investigation." *E.E.O.C. v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982) (quoting *Motorola v. McLain*, 484 F.2d 1339, 1345 (7th Cir. 1973)); *see also Sandsend Fin. Consultants,* 878 F.2d at 882 ("For purposes of an administrative subpoena, the notion of relevancy is a broad one.") (citing *Elrod*, 674 F.2d at 613).

In this case, SSA-OIG is investigating whether Roger Keith, a recipient of Social Security benefits since 1990, wrongfully used the identity of Rhonda Keith for employment purposes and improperly received and/or used Social Security benefits deposited to an account held jointly by them. [9-1] at ¶ 14-15. These records are relevant to the law enforcement inquiry stated in the Customer Notice. Any hypothetical scenarios suggested by Petitioner to support an argument that the statute of limitations has run on any claim are just that: hypotheticals.

Next, Petitioner argues the subpoena is improper because (1) it does not identify the actual statute(s) upon which the investigation is based; (2) does not "reasonably describe" the records being requested as is required by 12 U.S.C. § 3402; and (3) requires that the bank provide this requested material on a date that has already passed.

I find these arguments unpersuasive as well. The only authority offered by Petitioner to support the assertion that the subpoena must specifically name the statute(s) upon which the investigation is based is *Hunt v. United States Sec. & Exch. Com.*, 520 F. Supp. 580, 603 (N.D. Tex. July 13, 1981), but the court in that case merely pointed out that the customer notice accompanying the subpoena must state with "reasonable specificity" the nature of the law

enforcement inquiry and that "[i]n the context of the instant case, the logical means by which the SEC could have satisfied this requirement would have been a reference to … a listing of the specific statutes … in question." *Id.* In short, Hunt does not stand for the proposition that that the *only* way to comply with the requirement that the customer notice state with "reasonable specificity" the nature of the law enforcement inquiry is to identify the statute on which the investigation is based. In the instant case the respondent described the nature of the law enforcement investigation as an "investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits."

I find that the same describes, with reasonable specify, what is being investigated by the SSA-OIG. S*ee, e.g., Pennington v. Donovan*, 574 F. Supp. at 710 (concluding that a notice letter stating that the investigation was to determine whether any person had violated or was about to violate any provision of Title I of Employee Retirement Income Security Act of 1974 was sufficient to inform the plaintiff of the nature and scope of the law enforcement inquiry).

As concerns the argument that the subpoena does not "reasonably describe" the records being requested as required by 12 U.S.C. § 3402, it is, likewise, without merit as the subpoena identifies, as the records sought, those related to a particular joint account number, in the name of particular joint account owners, with particular Social Security numbers, for a particular period of time and further specifies that such records are to include, should they exist, 15 specifically identified documents. On its face, this is a reasonable description of the records sought in this case.

Finally, as for the argument that the subpoena should be quashed since, during the pendency of briefing on the instant motion the time stated therein for performance has lapsed, I note no authority is provided in support of it, nor is the court aware of any. Instead, the parties

are directed to inform the subpoenaed party that by order of this Court that the date for performance of the subpoena is 14 business days from the date of this Order.

Accordingly, it is **ORDERED** that the petitioner's Renewed Motion to Quash and Objection to Subpoena of Financial Records [7] is denied. The parties are instructed to inform the subpoenaed party that production pursuant to the subpoenas is due by May 15, 2023, 14 days from the date hereof.

**SO ORDERED**, this the 1st day of May, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**